Joyce A. CORRALES, Plaintiff—
Appellant,

v.

CHASE BANKCARD SERVICE, INC., a
Delaware corporation dba Chase Man-
hattan Bank, Defendant—Appellee.

No. 04–15355.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

Joyce A. Corrales, Phoenix, AZ, pro se.

Ernest Calderon, Esq., Lindsay E.
Jones, Esq., Jennings Strouss & Salmon,
PLC, Nicole M. Seder, Esq., Calderon
Law Offices PLC, Phoenix, AZ, for Defen-
dant–Appellee.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Joyce A. Corrales appeals pro se the district court's dismissal pursuant to Fed. R.Civ.P. 12(b)(6) of her action alleging that she was subjected to a hostile work environment and constructively discharged as an employee of Chase Bankcard Services in violation of Title VII of the Civil Rights Act of 1964. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and we reverse and remand.

The district court dismissed Corrales' constructive discharge claim because she alleged only a single incident of sexual harassment and no circumstances that might be considered "aggravating factors." *Sanchez v. City of Santa Ana*, 915 F.2d 424, 431 (9th Cir.1990). Accepting as true the well-pleaded allegations in the complaint, *see Zimmerman*, 255 F.3d at 737, Corrales alleged that a male "diversity officer" in the human relations department told her that she could not refuse to answer his questions about her sex life and experiences; that during an hour-long interview Corrales divulged personal and humiliating information about her sex life and experiences that had no relevance to the purported investigation of a dispute between two other employees; that the diversity officer sought this information to satisfy his prurient interest; that she complained separately to two supervisors about the interview and both told her that nothing could be done; that she attempted to complain to her supervisors' supervisor, but was told that the supervisor was too busy to talk to Corrales; that one of her supervisors later ordered her to report back to the diversity officer for additional questioning; and that the United States Equal Employment Opportunity Commission had determined that defendant's harassment policy violated Title VII because it contained language that could have a chilling effect on employee complaints. The district court erred because Corrales alleged a pattern of aggravating factors and more than "a single isolated incident," *see Sanchez*, 915 F.2d at 431.

The district court also erred in dismissing for failure to state a claim Corrales' hostile work environment claim. Considering all the circumstances alleged in the complaint, we cannot say that a reasonable woman in Corrales' position would not consider the terms and conditions of her employment altered by the actions of the diversity officer and the supervisors. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

We do not consider Corrales' contention that she alleged facts supporting a quid pro quo claim because she did not raise this claim below. *See Mabe v. San Bernardino County, Dep't of Public Soc. Servs.*, 237 F.3d 1101, 1112 (9th Cir.2001).

REVERSED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.